IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00189-01-CR-W-DW |
| | ) | |
| TORRENCE L. ROLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Dismiss Indictment (doc #56). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A. The Indictment

On June 29, 2010, the Grand Jury returned a one-count indictment against defendant Rollins. The indictment charged:

COUNT ONE

On or about April 1, 2008, at Kansas City in the Western District of Missouri, the defendant, TORRENCE L. ROLLINS, having been convicted of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit, a Ruger, Model P.85, 9mm semi-automatic pistol, Serial Number 300-45201, which had been transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

(Indictment (doc #1) at 1)

B. The Statutes

The statutes under which defendant is charged, 18 U.S.C. § 922(g)(1) and 924(e), provide:

**§ 922. Unlawful acts**

\* \* \*

(g) It shall be unlawful for any person–

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\* \* \*

to ... possess in or affecting commerce, any firearm ... or to receive any firearm ... which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

**§ 924. Penalties**

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years ....

18 U.S.C. § 924(e)(1).

C. Standards for Evaluating a Motion to Dismiss

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it: (1) contains the essential elements of the offenses charged;

2

(2) fairly informs the defendant of the charges against which he must defend; and (3) enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994). The sufficiency of a criminal indictment is determined from its face. Indictments are normally sufficient unless no reasonable construction can be said to charge the offense. See O'Hagan, 139 F.3d at 651; United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).

## II. DISCUSSION

Defendant Rollins argues that the government made an error in asserting that defendant had three prior felony convictions. According to defendant, "the Indictment, as it stands alleging [defendant] has three prior convictions and is subject to a mandatory not less than 15 years imprisonment, is erroneous and must be dismissed." (Defendant's Motion to Dismiss Indictment (doc #56) at 4) The government has acknowledged that defendant has only one prior felony conviction. On June 13, 2011, the government filed a Notice of Non-Applicability of 18 U.S.C. § 924(e) (doc #57). The government advised that the correct statutory penalty for the felon in possession of a firearm offense charged is set forth in 18 U.S.C. § 924(a)(2).[1] (Id. at 1)

Defendant Rollins provided no case law in support of his motion to dismiss. Case law from the Eighth Circuit suggests that section 924(e) is merely a penalty provision or sentencing statute which may be disregarded as surplusage in an indictment. In United States v. Hamell, 3 F.3d 1187 (8th Cir. 1993), cert. denied, 510 U.S. 1138 (1994), the court wrote:

---

[1]Section 924(a)(2) provides: "Whoever knowingly violates subsection ... (g) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

3

> Because Hamell's sentence was enhanced under § 924(e)(1), Hamell ... challenges the government's correction of a typographical error in the indictment's citation to § 924(e)(1) without the grand jury's approval. Because § 924(e) does not create a separate offense, the statutory citation was mere surplusage, and its correction did not invalidate the indictment. See United States v. Washington, 992 F.2d 785, 787 (8th Cir. 1993).

Hamell, 3 F.3d at 1189. See also United States v. Bates, 77 F.3d 1101, 1105 (8th Cir.) ("References in the indictment to sentence enhancements such as section 924(e) are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime."), cert. denied, 519 U.S. 884 (1996); United States v. Rush, 840 F.2d 574, 575 (8th Cir.)(finding Armed Career Criminal Act amendment to possession of firearm statute to be enhancement provision), cert. denied, 487 U.S. 1238 (1988). The Court finds that if a correction of an error in an indictment relating to the penalty provision which increased a defendant's sentence did not require dismissal of the indictment in Hamell, a correction of the indictment relating to the penalty provision which decreases defendant Rollins' sentencing exposure cannot require a dismissal of the indictment.

The elements of the crime of being a felon in possession of a firearm (the crime with which defendant Rollins has been charged) consist of the following:

> *One*, the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> *Two*, the defendant thereafter knowingly possessed a firearm ... ; and
>
> *Three*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

Eighth Circuit Model Criminal Jury Instruction 6.18.922A (2011). Even with the errors contained in the indictment brought against defendant Rollins, the indictment still charges Rollins with each of the elements of the substantive crime of being a felon in possession of a firearm. The indictment is sufficient. There is no basis for a dismissal of the indictment.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss Indictment (doc #56).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                  */s/ Sarah W. Hays*
                                                  SARAH W. HAYS
                                 UNITED STATES MAGISTRATE JUDGE